David Fink
Fink & Johnson
7519 Apache Plume
Houston, TX 77071
Admission No. 299869
Tel. 713 729-4991
Fax: 713 729-4951
Email: texascowboy6@gmail.com
Attorney for the Plaintiff

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| MILLIONWAY INTERNATIONAL, INC., | **Civil Action No.** |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS** |
| vs. | |
| BLACK RAPID, INC. | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

NOW COMES Plaintiff, Millionway International, Inc. ("Millionway"), through its attorney, and files this Complaint for Declaratory Judgment, Unfair Competition, and tortious interference with business relationships against Black Rapid, Inc. ("Black Rapid").

### PARTIES

1.   Millionway is Texas Corporation having a mailing address of 5609 Saint Paul Street, Bellaire, TX 77401

2.   Black Rapid is a Washington Corporation having a mailing address of 517 Aloha Street, Seattle, WA 98109

## JURISDICTION AND VENUE

3.   This is an action for:

a.   Declaratory Judgment under 28 U.S.C. § 2201 due the overt acts by Black Rapid to enforce its U.S. Patent No. 8,047,729 ("'729 Patent") against Millionway, its suppliers, its distributors, and its customers to harm the business of Millonway.

b.   Unfair Competition due the overt acts by Black Rapid to enforce its '729 Patent against Millionway, its suppliers, its distributors, and its customers.

c.   Tortious Interference with business relationships of Millionway due the overt acts by Black Rapid to enforce its '729 Patent against Millionway's suppliers, distributors, and customers to harm the business relationships of Millionway.

4.   Venue is proper in this judicial district under 28 U.S.C. §§§ 1391.

5.   On information and belief, the Black Rapid is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, because Black Rapid has substantial business activities in this forum, and its interactive web (www.blackrapid.com) site seeks distributors and customers in this forum.

6.   On information and belief from the aforementioned web site maintained by Black Rapid, Black Rapid operates through eight dealers in Texas, two of which are located in Houston, TX.

7.   Black Rapid is engaged in vicious business attacks against Millionway in this judicial jurisdiction by threatening an employee of Millionway residing in this forum.

8.   Black Rapid has impliedly agree to be subject to this Jurisdiction and Venue due to its extensive business activities in this Judicial District.

## BACKGROUND

9.  Millionway and Black Rapid are competitors in the same business area.  Both parties sell camera straps and related equipment.

10. Black Rapid has endeavored to destroy Millionway's business through threats directed to Millionway and its suppliers, its distributors, and its customers through the abusive and unreasonable use of the '729 Patent.

11. The '729 Patent initially issued on November 1, 2011, and thereafter, through inequitable conduct, a reexamined '729 Patent issued on March 5, 2013.  The basis for the inequitable conduct is that Black Rapid failed to provide a material reference to the Patent and Trademark Office during the reexamination even though Black Rapid was convinced that the amended claim 15 of the reexamined '729 Patent was fully anticipated by a product that had been on sale by Millionway for more than a year.  In fact, Black Rapid sued Millionway in the Western Division of Washington for patent infringement on January 8, 2013 during the reexamination.

    *Black Rapid, Inc. v. Millionway International, Inc. et al.; WDWA*
    Case No. 2:13-CV-00036 MJP.

    The reexamination certificate did not issue until almost two months later.  Hence, it is indisputable that the reference Black Rapid had was "material" by the standards of the Patent Office.

12. Black Rapid was sent a letter on about February 19, 2013, during the reexamination of the '729 Patent pointing out serious errors in its lawsuit in the Western District of Washington.  The letter pointed out:

    a.  Millionway's defense of intervening rights because all of the relevant products of Millionway had been imported and on sale prior to the filing of the reexamination,

b.    the failure of Black Rapid to inform the Patent Office of Millionway's product, and

c.    the limitations of the '729 Patent for a reasonable claim construction. A copy of the aforementioned letter is in Ex. A.

13.   Black Rapid dismissed the lawsuit in Washington, as expected, but then sued again in the Central District of California on March 6, 2013. Apparently, Black Rapid hates Houston as much as it hates Millionway. *Black Rapid, Inc. v. Millionway International, Inc. et al.;*CDCA, Case No. 2:13-CV-01607.

14.   Black Rapid failed to inform the District Judge in CDCA:

a.    that Millonway has intervening rights despite Black Rapid having been informed, and

b.    that Black Rapid had deceived the Patent Office by withholding a material reference during the reexamination despite the fact that Black Rapid believed the material reference fully anticipated its amended claim 15.

15.   Black Rapid continued its misinformation to the District Judge in CDCA by presenting an infringement analysis of the amended claim 15 of the '729 Patent using a claim construction in complete conflict with the specification and drawing of the '729 Patent even though the aforementioned letter in Ex. A provide a correct approach for a claim construction.

16.   Black Rapid did not ask the District Court in CDCA to determine that the '729 Patent had any valid claims, or that any claim was being infringed. Thus, the District Court did not determine if any claim of the '29 Patent was valid and enforceable.

17.   The District Court in CDCA Ordered a Default Permanent Judgment against Millionway importing, selling etc. any valid infringed claim of the '729 Patent.

18.    Millionway in the past and in the present has never infringed any of the claims of the '729 Patent so that a permanent injunction prohibiting infringing products would not impact on Millionway; however, Black Rapid through its attorneys is using the litigation, and the permanent injunction to threaten the business of Millionway overtly.

19.    Ex. B is a News Release from Black Rapid.  Certain portions have been underlined for this Complaint to draw attention to the threatening misstatements.  In the third paragraph in English, it is stated that knowledge of the patent would make an infringer liable for treble damages and attorney fees.  It appears that Black Rapid is conveying the impression that the News Release mentioning the patent number constitutes "knowledge".  This false impression is obviously aimed at Millionway's Chinese suppliers because Millionway is mentioned in the News Release.  At page 2, it is asserted that the patent is "valid beyond doubt" even though Black Rapid knew that it withheld a material reference from the Patent Office so this is an outrageous lie, not an exaggeration.  The News Release was intended  to harm Millonway by undermining its business relationship with Chinese suppliers.

20.    Ex. C is a letter (without enclosures) sent by the attorneys for Black Rapid to a Distributor of Millionway in the U.S.  Portions of the letter have been underlined for this Complaint to draw attention to them.  The letter asserts that the injunction "covers but is not limited to the "Carry Speed" camera sling product line".  Carry Speed is a trademark of an online web site selling Millionway products.  Black Rapid attorneys know that patent infringement is based on a product and its relationship to a patent claim, and not a group of products selling under a common trademark.

21.  Ex. D is a similar letter (without enclosures) to the letter in Ex. C sent to a key employee of Millionway.  Thus, Black Rapid is engaged in a pattern of threats and misinformation to destroy the business of Millionway through by asserting the '729 Patent which Black Rapid knows is invalid and unenforceable. Even if the '729 Patent were valid and enforceable, Black Rapid is engaged in a pattern of misinformation to destroy the business of Millionway by expanding the scope of the '729 Patent to products identified by a common trademark.

22.  Black Rapid through its litigation of the '729 Patent against Dot Line Corp., a significant distributor for Millionway, resulted in that company terminating its business relationship with Millionway.  This has had a serious negative economic impact on millionway.

## COUNT ONE

23.  Millionway incorporates paragraphs 1 through 22 herein.

24.  Black Rapid failed to provide the Patent Office with a reference Black Rapid knew was "material" to the prosecution during the reexamination.  Thus, Black Rapid was engaged in inequitable conduct, and the '729 Patent is invalid and unenforceable.

## COUNT TWO

25.  Millionway incorporates paragraphs 1 through 22 herein.

26.  Black Rapid has accused Millionway and its suppliers, its distributors, and its customers of patent infringement of the '729 Patent even though Black Rapid knows that the '729 Patent is invalid, and unenforceable.  Thus, this is a case of actual controversy as to the validity and enforcement of the '729 Patent.

## COUNT THREE

27.  Millionway incorporates paragraphs 1 through 22 herein.

28.   Black Rapid is engaged in unfair competition by intimidating Millionway's suppliers, distributors, and customers with the threat of litigation even though the '729 Patent is invalid and unenforceable, and for products outside any reasonable scope of the claims, even if the '729 Patent were valid and enforceable.  The obvious intention of Black Rapid is to destroy the business of Millionway through unfair competition.

## COUNT FOUR

29.   Millionway incorporates paragraphs 1 through 22 herein.

30.   Black Rapid is engaged in tortious interference with business relations between by intimidating Millionway's suppliers, distributors, and customers with the threat of litigation even though the '729 Patent is invalid and unenforceable, and for products outside any reasonable scope of the claims, even if the '729 Patent were valid and enforceable.  The obvious intention of Black Rapid is to destroy the business relationship and any business agreements of Millionway.

## **JURY DEMAND**

31.     Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial as to all issues in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

a.     enter judgment that the '729 Patent is unenforceable;

b.     enter judgment that the '729 Patent is invalid;

c.     enter judgment that Black Rapid was engaged in unfair competition with Millionway;

d.     enter judgment that Black Rapid has engaged tortious interference with the business relationship of Millionway;

e.     Enter judgment that Black Rapid committed inequitable conduct during the prosecution of the reexamination of the '729 Patent;

f.     require Black Rapid to pay all of Millionway's attorney fees and costs for this case;

g.     award Millionway lost profits due to Black Rapid's activities against Millionway;

h.     award Millionway such other and further relief as this Court may deem just and equitable; and

i.     enjoin Black Rapid from engaging in any improper activities that might harm Millionway directly or indirectly in the future.

THE PLAINTIFF

MILLIONWAY INTERNATIONAL, INC.

David Fink
Fink & Johnson
7519 Apache Plume
Houston, TX 77071
Admission No. 299869
Tel. 713 729-4991
Fax: 713 729-4951
Email: texascowboy6@gmail.com
Attorney in Charge for the Plaintiff

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to:

a.   enter judgment that the '729 Patent is unenforceable;

b.   enter judgment that the '729 Patent is invalid;

c.   enter judgment that Black Rapid was engaged in unfair competition with Millionway;

d.   enter judgment that Black Rapid has engaged tortious interference with the business relationship of Millionway;

e.   Enter judgment that Black Rapid committed inequitable conduct during the prosecution of the reexamination of the '729 Patent;

f.   require Black Rapid to pay all of Millionway's attorney fees and costs for this case;

g.   award Millionway lost profits due to Black Rapid's activities against Millionway;

h.   award Millionway such other and further relief as this Court may deem just and equitable; and

i.   enjoin Black Rapid from engaging in any improper activities that might harm Millionway directly or indirectly in the future.

THE PLAINTIFF

MILLIONWAY INTERNATIONAL, INC.

/s/ David Fink
David Fink
Fink & Johnson
7519 Apache Plume
Houston, TX 77071
Admission No. 299869
Tel. 713 729-4991
Fax: 713 729-4951
Email:  texascowboy6@gmail.com
Attorney in Charge for the Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EX. A**

# ADLER & ASSOCIATES

### P.O. BOX 710509
### HOUSTON, TEXAS 77271-0509

WRITER'S DIRECT DIAL
  (713)-270-5391
WRITER'S DIRECT FACS.
  (713)- 270-5361
E. MAIL: ben@adlerandassociates.com

INTELLECTUAL PROPERTY LAW
(PATENT, BIOTECHNOLOGY, COMPUTER,
TRADEMARK & TRADE SECRET LAW)

February 19, 2013

Mr. George Rondeau
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101

> Re:   Black Rapid v. Millionway International et al. Complaint

Dear George:

I am responding to your letter of January 7, 2013.

I am not authorized to accept the Complaint for any of the Defendants.

I strongly suggest that you withdraw the Complaint to avoid potentially serious liability to your firm, and possibly your client.

We will ask the Court to require Black Rapid, and your law firm to pay my client for all attorney costs and fees to deal with this and any other lawsuit based on the patent, and its reissue.   In addition, we will ask the Court for punitive penalties against Black Rapid and your law firm to discourage abuse of the judicial process and for unreasonable conduct.   We are contemplating a penalty of at least $100,000 each to discourage any additional baseless litigation by Black Rapid, particularly in view of the many errors pointed out in detail herein, concerning both factual and legal issues.

The following is a brief summary of the defenses, countersuits, and sanctions to be urged against your firm and your client:

1.   In contrast to your Complaint, Mr. Hsu is neither a stockholder nor an officer in Millionway International, Inc. or Dot Line Corp.   Hence, your premise in the Complaint for including Mr. Hsu is completely wrong.

1

2.      The Complaint has serious defects with respect to personal jurisdiction, and venue in general.

3.      The defects in the Complaint will trigger the filing of Motions under Fed. R. Civ. P. 8 and 12.

4.      Upon service of the Complaint, a Motion under Fed. R. Civ. P. 11 will be filed.  If the case continues, we will assert 35 U.S.C. §284.

5.      The patent cited in the Complaint will soon cease to exist and will be replaced by a reexamination patent.  The only patent claim that survived the reexamination is patent claim 14.  The Complaint, however, fails to identify any claim being infringed, thereby raising another issue for the Court to consider if non-existing claims are being asserted.

6.      Even if you were able to convince the Court miraculously to replace the patent number cited in the Complaint with a new patent number, or refiled the Complaint, you are faced with intervening rights for all of the amended claims and the new claims.  See *Marine Polymer Tech. v. Hemcon*, 672 F. 3d 1350 (Fed. Cir. 2012).

7.      Claim 14, the only surviving claim from the reexamination has three important elements which relate to non-infringement:

1) "an elongated first strap having first and second portions, the first portion of the first strap sized to be positioned over a shoulder of the user and extend downward there from towards a hip of the user".  In simple terms, a long shoulder strap, not a hand strap.

2) "a coupler having a first portion and a second portion, the first portion of the coupler sized and shaped to engage with the engagement portion of the camera".

3) "second portion of the coupler includes a ball lock pin and the first portion of the coupler includes a ball lock socket".

Analysis Of The Elements of Claim 14

The Court looks to the specification and drawings initially to determine the meaning of claim terms for a claim construction.  A study of the specification and drawing reveals that the claimed strap is much longer than the uni-strap with hand strap.  This is sufficient to avoid infringement.  The uni-strap with hand strap also does not include the ball socket arrangement.  Hence, there is no infringement of claim 14 by the uni-strap with hand strap.

Claim 14 claims a "coupler" and such a term has no inherent meaning in general.  Thus, the Court would look at the specification and drawings to determine what this term means.  The Court will construe the patent claim term "coupler" as though it were written in the classic form of something that does a function under

2

35 U.S.C. §112, 6th paragraph, which allows a claim to describe a component in terms of its function.  The usual form is "means plus function", but Courts have accepted "short cuts" by patent attorneys.

Court have held that the scope of a term claimed as "means plus function" is limited to what is disclosed in the patent specification as filed.  All of the relevant drawings, and the specification limit the coupler to a specific connection **directly** to the camera.  The accused products incorporate a plate that is attached to the camera, and an attachment is made to the plate for the connection to the strap.  As you may know, ShutterBug magazine has described the use of a plate as an important innovation.  This is important because it shows the Court that the plate was not added to avoid the claims.

8.      Your firm knew about the accused products yet the products were never brought to the Patent Examiner's attention.  The Court is likely to view this as fraud on the Patent Office.  In addition, your firm had the opportunity to specifically include a claim in the reexamination to cover an attachment with a plate, but elected not to include such a claim.

In view of the analysis *supra*, the above-referenced Complaint should be withdrawn immediately.  If you have any questions, please contact me.

Sincerely,

Benjamin Aaron Adler, Ph.D., J.D.

cc.:   Ye Xu

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EX. B**





ドンケ・ロープロ・カメラバッグならオリエンタルホビー

# オリエンタルホビーブログ

| トップ | 店舗案内 | 商品情報 | 写真集紹介 | ギャラリー情報 | 店長日記 |

Ads by Google　â–° Patent fees　â–° Patent law　â–° Sale patent　â–° Black rap

ブラックラピッド特許に関する訴訟について（英文）

2013年04月05日

ブラックラピッド社より、2013年3月6日米国にてMillionway International, Inc.
(Carry Speed) と販売代理店のDot Line Corp.に対し、ブラックラピッドが保持す
るスリングストラップの特許に関する訴訟を連邦地方裁判所に起こしたとの、正
式アナウンスがありましたので、原文のまま下記の通りお知らせいたします。

### ANNOUNCEMENT

We are very pleased to announce that on March 5, 2013, after an extensive
reexamination by the United States Patent Office based on all known prior art,
a Reexamination Certificate was issued for Black Rapid's U.S. Patent No.
8,047,729. The Reexamination Certificate contains 49 claims, and covers all
versions of the camera sling presently being sold by Black Rapid, as well as
most camera sling products being sold by our competitors.

Black Rapid has been holding off asserting its patent rights until the
reexamination wascomplete, but will now be taking action against infringers. A
patent infringement lawsuitwas initiated on March 6, 2013, in the United States
District Court in the Central District of California against Millionway
International, Inc. (Carry Speed) and its distributor Dot Line Corp. (Civil Action
CV13-01780).

Please be aware that any continued manufacture, importation, offering for sale,
or sale of a camera sling subject to the claims of the Reexamination Certificate
constitutes patent infringement. No notice or knowledge of the patent is
required for a finding of patent infringement, and there is no defense of
innocent infringement. Further, anyone who has knowledge of the patent and
still engages in infringing activities is a willful infringer, which subjects them to
an award of treble damages measured by the lost profits of Black Rapid and
payment of the attorney's fees of Black Rapid expended to terminate the
infringement. A court injunction will also be sought to terminate the infringing
activity and prevent its reoccurrence. Patent infringement is a serious matter
and Black Rapid intends to vigorously enforce its patent rights against
infringers.

オンラインショップはこちら



私たちがご案内いたします

〒903-0823
沖縄県那覇市首里大中町1-41-8
TEL:098-988-3005
FAX:098-886-2700
営業日時:月〜金 10時〜18時
休業日:土日曜祝日

｜地図を表示｜

おすすめ商品



本家本元ブラックラピッドカメラスリ
ングストラップ



ガミライトクリップオンストロボ用ディ
フューザー



Black Rapid camera slings are high quality products which have realized success in the marketplace, but like most successful products have had to compete with copies, often of inferior quality. The issuance of the Reexamination Certificate provides Black Rapid with confidence its patent is valid beyond doubt, as found by the U.S. Patent Office, and provides a tool by which Black Rapid can legitimately keep similar camera sling products off the market and allow Black Rapid and its dealers to realize the full benefit of the innovative and quality construction of the Black Rapid camera sling. Black Rapid respects the patent rights of others, and will insist others respect the patent rights of Black Rapid.

Tweet

 33 people like this.

æµ·å¤–ãƒ–ãƒ©ãƒ³ãƒ‰ã‚’æ—¥æœ¬æœ€å£²ã‚‹
www.buyma.com
æœªç™ºè¡¨"OK!å¢åº"«æŒãƒ¤ãšã«åˆ°å°
ç™¾éŒ²ç‚¡æ—™æ—¥æœ¬æœ€æ°ã"ã®‰å¿få–
å¼•ã®ã®BUYMA(ãƒã¤ãƒ)

→

Ads by Google

**同じカテゴリー（店長日記）の記事画像**

    



**同じカテゴリー（店長日記）の記事**

磯ガニさん (2013-05-02 09:27)

伊江島にて (2013-05-01 11:09)

春の上野公園へ (2013-04-08 11:06)

昭和48年のアルバム (2013-03-18 11:20)

リチャードフラニエック製品売上の一部を寄付させて頂きました (2012-12-12 16:32)

---

選べる4種類のシリコン100%のフリップバック カメラグリップ980円

てぃーだイチオシ

ログイン ／ カテゴリー一覧

沖縄 住宅見学会情報

TI-DA by てぃーだスクエア

投稿写真紹介

お客様の声

オリホのリンク

人気ブログランキング

写真ブログ
にほんブログ村

**最近の記事**

フリップバック カメラグリップ4モデル 新価格980円／5月10日より (5/2)

磯ガニさん (5/2)

伊江島にて (5/1)

オリエンタルホビー メールマガジン 2013年4月26日 (4/26)

春の上野公園へ (4/8)

ブラックラビッド特許に関する訴訟について（英文） (4/5)

昭和48年のアルバム (3/18)

リチャードフラニエック製品売上の一部を寄付させて頂きました (12/12)

島ねこカレンダー2013 ご案内です！ (11/29)

PowerShot S110 おすすめアクセサリー4点 (11/28)

**過去記事**

2013年05月
2013年04月
2013年03月
2012年12月
2012年11月
2012年10月
2012年09月
2012年08月
2012年07月
2012年06月
2012年05月
2012年04月
2012年03月
2012年02月

アワガミファクトリー 和紙見本 オリエンタルホビーにて配布中 (2012-11-09 10:35)

Posted by オリエンタルホビー at 10:32 | Comments(0) | 店長日記

このBlogのトップへ | 前の記事 | 次の記事

名前:
コメント:

*c7fkx4*

上の画像に書かれている文字を入力して下さい

<ご注意>
書き込まれた内容は公開され、ブログの持ち主だけが削除できます。

☑ 確認せずに書込

このページの上へ▲

2012年01月
2011年12月
2011年11月
2011年10月
2011年09月
2011年08月
2011年07月
2011年06月
2011年05月
2011年04月
2011年03月
2011年02月
2011年01月
2010年12月
2010年11月
2010年10月
2010年09月
2010年08月
2010年07月
2010年06月
2010年05月
2010年04月
2010年03月
2010年02月
2010年01月
2009年12月
2009年11月
2009年10月
2009年09月
2009年08月
2009年07月
2009年06月
2009年05月
2009年04月
2009年01月

読者登録

メールアドレスを入力して登録する事で、このブログの新着エントリーをメールでお届けいたします。解除は→こちら

現在の読者数 8人

RSS1.0   RSS2.0

アクセスカウンタ

Total: 270,890
Today: 8
Yesterday: 152

QRコード

ブログ内検索

Copyright(C)2013 ドンケ・ロープロ・カメラバッグならオリエンタルホビー. ALL Rights Reserved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EX. C**

 **Davis Wright Tremaine** LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

**Benjamin J. Byer**
206.757.8105 tel
206.757.7105 fax

benbyer@dwt.com

**Via EMAIL and U.S. MAIL**

June 12, 2013

Xavier De La Paz
XP PhotoGear,
126 York Street, Suite 200
Ottawa, ON K1N 575

Re:   **Black Rapid, Inc. v. Millionway International, Inc. and Dot Line**
United States District Court for the Central District of California
No. 2:13-cv-01607-SJO-SPx

Dear Mr. De La Paz:

Millionway International, Inc. operates a website at www.carryspeed.com in which it markets and sells consumer camera equipment under the "Carry Speed" name, including its camera sling product line. The Carry Speed website states that XP Photo Gear distributes its products within the United States. Furthermore, your website, www.xpphotogear.com, lists products from the Carry Speed camera sling product line for sale. This letter attaches a screenshot showing XP Photo Gear listed as Millionway's sole United States distributor and a screenshot showing the products from the Carry Speed camera sling product line on your website.

Yesterday the United States District Court for the Central District of California issued a permanent injunction enjoining Millionway International, Inc. and its agents, servants, employees and all persons acting under their permission and authority, from infringing United States Patent No. 8,047,729 ("the '729 patent). These people and entities are thereby forbidden from making, using, selling, offering to sell, or importing any infringing product, or from inducing others to do the same. This covers but is not limited to the "Carry Speed" camera sling product line and any use, sale, offer for sale, or importation of those products. The injunction is effective June 11, 2013 and extends until the '729 patent expires. This letter encloses copies of the Court's injunction and accompanying order. Although all sales and offers for sale of these products constitutes infringement of the '729 patent, after receiving notice of this injunction continued participation with Millionway's improper actions further exposes all persons involved to serious contempt of court sanctions.

DWT 22128889v1 0083874-000111

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Tim Hsu
June 12, 2013
Page 2


Enclosures:     Order Granting Plaintiff's Motion for Default Judgment
                Judgment Granting Black Rapid, Inc. Default Judgment Against Millionway
                International, Inc.

cc:     timxu7704@gmail.com
        Black Rapid, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EX. D**

 **Davis Wright Tremaine** LLP

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

**Benjamin J. Byer**
206.757.8105 tel
206.757.7105 fax

benbyer@dwt.com

**Via EMAIL and U.S. MAIL**

June 12, 2013

Tim Hsu
6221 Corporate Drive
Houston, TX 77036

Re:     **Black Rapid, Inc. v. Millionway International, Inc. and Dot Line**
United States District Court for the Central District of California
No. 2:13-cv-01607-SJO-SPx

Dear Mr. Hsu:

Yesterday the United States District Court for the Central District of California issued a
permanent injunction enjoining Millionway International, Inc. and its agents, servants,
employees and all persons acting under their permission and authority, from infringing United
States Patent No. 8,047,729 ("the '729 patent). These people and entities are thereby forbidden
from making, using, selling, offering to sell, or importing any infringing product, or from
inducing others to do the same. This covers but is not limited to the "Carry Speed" camera sling
product line and any use, sale, offer for sale, or importation of those products. The injunction is
effective June 11, 2013 and extends until the '729 patent expires. This letter encloses copies of
the Court's injunction and accompanying order. Further efforts to market these products, or
participate in Millionway's efforts in doing the same, exposes all persons involved to serious
contempt of court sanctions.

Please immediately respond in writing confirming receipt of this letter and that you have ceased
all activities actively participating with, assisting or enabling Millionway's sales of the Carry
Speed camera sling product line in the United States.

Very truly yours,

Davis Wright Tremaine LLP

Benjamin J. Byer

BJB:mnb
DWT 22131294v1 0083874-000111

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Tim Hsu
June 12, 2013
Page 2


Enclosures:     Order Granting Plaintiff's Motion for Default Judgment
                Judgment Granting Black Rapid, Inc. Default Judgment Against Millionway
                International, Inc.

cc:       timxu7704@gmail.com
          Black Rapid, Inc.

DWT 22131294v1 0083874-000111